JOHN BUSSEY, Jr. *vs.* THOMAS S. BRIGGS & others.

A representation to the jailer, by a person committed on execution, " that he has not estate sufficient to support himself in prison," is sufficient, under Rev. Sts. *c.* 98, § 1, to authorize the jailer to make application to a justice of the peace to give notice to the creditor, by a citation, that the debtor desires to take the benefit of the law for the relief of poor debtors.

A citation to a creditor, in which he has notice that his debtor " desires to take the privilege and benefit allowed by an act entitled an act for the relief of poor prisoners who are committed by execution for debt," is sufficient to authorize two justices of the quorum to discharge the debtor, on his taking the oath prescribed by § 9 of the Rev. Sts. *c.* 98.

WILDE, J.   This is an action of debt on a bond given for the liberty of the prison limits; and the defence is that Briggs, the debtor and principal obligor, was, after the execution of the

bond, duly discharged in pursuance of the Rev. Sts. *c.* 98, for the relief of poor prisoners committed on execution for debt.

At the trial, an objection was made to the form of the oath administered to the debtor, but this objection has been waived. The plaintiff now relies on two objections to the regularity of the proceedings preliminary to the administration of the oath The first objection is, that the representation of the debtor to the jailer was not conformable to the statute, and did not author ize the jailer to make application to the justice, who issued the citation to the creditor for relief. The first section of *c.* 98 of the revised statutes provides that " when any person, who is committed on execution for debt, shall represent to the jailer that he is unable to pay the debt, for which he is imprisoned, and is desirous to take the benefit of the law for the relief of poor debtors, the jailer shall make known the same to some justice of the peace for the county."

In the application of the jailer to the justice, it is stated that Briggs, the debtor, complained to him that " he had not estate sufficient to support himself in prison "; and on this representation the jailer applied, in the debtor's behalf, for relief. This representation of the debtor is not in strict conformity to the letter of the statute, but we do not deem the variance material. If he had alleged that he was wholly destitute of property, that would doubtless have been a substantial compliance with the statute. And so we think when the debtor affirmed that he had not estate to support himself in prison, it must be understood that he could not pay the debt for which he was imprisoned, which exceeded $ 50. That the debtor was unable to pay the debt appears clearly by the certificate of the justices that he had not any estate to the amount of $ 20. The representation of the debtor to the jailer is of little importance. If he expresses his desire to take the benefit of the law for the relief of poor debtors, that probably would be sufficient, so that the subsequent proceedings, if regular, could not be avoided.

The other objection to the proceedings is of more importance. In the citation to the plaintiff, the execution creditor, he is notified that " Briggs, the debtor, desired to take the privilege and

benefit allowed by an act of this Commonwealth, entitled 'an act for the relief of poor prisoners who are committed by execution for debt.'" This is the title of *St.* 1787, *c.* 29, which was repealed by the revised statutes ; and the oath was administer ed in pursuance of the provisions of the 98th chapter of the re-v'sed statutes, which is entitled, " of the relief of poor prisoners committed on execution for debt." The variance in the titles is verbal and inconsiderable ; and unless the creditor was misled thereby, there seems to be no good reason for holding that the proceedings are void. This objection was taken in the case of *Slasson* v. *Brown,* 20 Pick. 440, but that case was not decided on that objection. It is there said that the court was inclined to the opinion that it might be sustained. But the objection was not much considered, and on further reflection, we are all of opinion that it ought not to prevail. Undoubtedly the creditor is entitled to the notice required by law ; but a mere verbal variance, which could not mislead him, or create a doubt as to the object of the citation, ought not, we think, to vitiate the proceedings. Such great strictness is not required to protect the interests of the creditor, and might frequently do great injustice to the debtor. Now we are of opinion that the plaintiff could not misunderstand the object of this citation. He must have known that the oath proposed to be taken was the oath prescribed by an existing law. He either knew that the old statute had been repealed, or he did not ; and in either case, how could he have any doubt as to the object of the citation ? If he had no knowlege that the former statute had been repealed, he must have supposed the notice good ; and if he did know of the repeal, and that a new law had been passed, he could not doubt that the citation referred to the existing law. We think, therefore, as the object of the citation could not have been misapprehended, this verbal inaccuracy in the description of the statute does not vitiate the proceedings, and consequently that the principal defendant was lawfully discharged.

*Judgment for the defendants.*

*Churchill, Jr.* for the plaintiff.
*Clarke,* for the defendants.